IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALAN SEGALL, | |
| Plaintiff, | |
| v. | Case No. 4:22-cv-19 |
| ELLIOTT AUTO SUPPLY CO., INC., d/b/a FACTORY MOTOR PARTS, | |
| Defendant. | |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1332, § 1441 and § 1446, Defendant Elliott Auto Supply Co., Inc., d/b/a Factory Motor Parts ("Elliott Auto Supply" or "Defendant") contemporaneously with the filing of this notice, hereby puts into effect the removal of the below referenced action from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri. The removal is based, specifically, on the following grounds:

### I.  PLEADINGS, PROCESS, AND ORDERS

1. On November 24, 2021, Plaintiff Alan Segall filed a Petition for Damages ("Petition") in the Circuit Court of Jackson County, Missouri, captioned *Alan Segall v. Elliott Auto Supply Co., Inc., d/b/a Factory Motor Parts,* Case No. 2116-CV25742 (the "State Court Action"), claiming: Count I, MHRA (R.S.Mo. § 213.010)—Failure to Accommodate Plaintiff's Disability(ies); Count II, MHRA (R.S.Mo. § 213.055)—Disability(ies) or Perceived Disability(ies) Discrimination; Count III, MHRA (R.S.Mo. § 213.055) Disparate Treatment Based on Age; Count IV, R.S.Mo. § 290.140, Violation of Missouri's Service Letter Law. *See* Petition attached hereto and incorporated herein by reference.

2. On December 14, 2021, Elliott Auto Supply was served with the Summons and Petition for Damages in the State Court Action. Elliott Auto Supply is filing its Notice of Removal within thirty (30) days after receiving service of the State Court Action. Therefore, Elliott Auto Supply's time to remove and to answer has not yet expired.

3. Elliott Auto Supply has not filed an answer to Plaintiff's Petition for Damages.

4. The Circuit Court of Jackson County, Missouri at Independence, is located within the United States District Court for the Western District of Missouri, Western Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending." 28 U.S.C. § 1441(a).

5. In accordance with 28 U.S.C. § 1446(a), a copy of the entire file in the State Court Action, including all pleadings and papers that have been filed and served on Elliott Auto Supply in the State Court Action are attached to this Notice as **Exhibit "A."**

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and the undersigned counsel will file in the Circuit Court of Jackson County, Missouri, Elliott Auto Supply's Notice of Removal to Federal Court, attaching a copy of this notice.

II. **DIVERSITY OF CITIZENSHIP**

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* Petition. Accordingly, this action is one that may be removed to this Court by Elliott Auto Supply pursuant to 28 U.S.C. § 1441.

8. According to Plaintiff's Petition for Damages, he is a citizen and resident of Johnson County, Kansas. *See* Plaintiff's Petition, Case Style.

9. Upon information and belief, at the time of Plaintiff's filing of the State Court Action and at the time of Elliott Auto Supply's Removal, Plaintiff was and is still a citizen and resident of Johnson County, Kansas City. (*See Buckley v. Control Data Corp.*, 923 F.2d 96, 97 n.6 (8th Cir. 1991) "28 U.S.C. § 1332(a)(1) [] requires complete diversity of citizenship between plaintiffs and defendants." *See also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) "For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court.")

10. At the time of Plaintiff's filing of the State Court Action and at the time of Elliott Auto Supply's Removal, Elliott Auto Supply was and is still a corporation organized in the State of Minnesota with its principal place of business located in Eagan, Minnesota. (*See Sanders v. Clemco Indus.*, 823 F.2d 214, 215 n.1 (8th Cir. 1987) "A corporation is deemed a citizen of the state where it is incorporated and of the state where it has its principal place of business." *See also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) "For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court."). *See* Articles of Organization attached hereto as **Exhibit "B"** and Affidavit of Todd Heldt, Executive Vice President of Elliott Auto Supply attached hereto as **Exhibit "C."**

11. Because Plaintiff's Kansas citizenship is distinct from Elliott Auto Supply's Minnesota citizenship, complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).

## III. AMOUNT IN CONTROVERSY

12. Count I of Plaintiff's Petition for Damages seeks damages for violation of the MHRA for failure to accommodate Plaintiff's Disability(ies). Plaintiff is seeking damages under Count I for lost wages and other benefits of employment, compensatory damages, punitive damages, pre- and post-judgment interest, future lost wages and benefits of employment, attorney's fees and costs, and injunctive relief.

13. Count II of Plaintiff's Petition for Damages seeks damages for violations of the MHRA for disabilities discrimination. Plaintiff is seeking damages under Count II for lost wages and other benefits of employment, compensatory damages, punitive damages, pre- and post-judgment interest, future lost wages and benefits of employment, attorney's fees and costs, and injunctive relief.

14. Count III of Plaintiff's Petition for Damages seeks damages for violations of the MHRA for disparate treatment based on age. Plaintiff is seeking damages under Count III for lost wages and other benefits of employment, compensatory damages, punitive damages, pre- and post-judgment interest, future lost wages and benefits of employment, attorney's fees and costs, and injunctive relief.

15. Count IV of Plaintiff's Petition for Damages seeks damages for violations of Missouri's service letter law pursuant to R.S.Mo. § 290.140. Plaintiff is seeking damages under Count IV for nominal and putative damages, pre- and post-judgment interest, costs and expenses.

16. The amount in controversy is determined from the allegations in the petition. 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indemnity Co. v. Red Cab Co.* 303 U.S. 283, 289 (1938).

17. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

18. Courts will consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Co. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

19. Where Plaintiff does not plead a specific amount of damages, "the court must look to the substance of the claim to determine if federal jurisdiction is present." *See O'Keefe v. Midwest Transit, Inc.*, No. 4:06-cv-1060-DDN, 2006 WL 2672992, at *1 (E.D. Mo. Sept. 18, 2006).

20. Plaintiff does not specifically state how much money he is seeking to recover, but asks for lost wages since October 2, 2020 and damages for "garden variety emotion distress." *See* Petition at para. 71. Plaintiff is also seeking attorneys' fees. See *Id*. at "WHEREFORE" paragraphs under each count, with the exception of Count IV.

21. Elliott Auto Group has over 500 employees. *See* Affidavit of Todd Heldt, Executive Vice President of Elliott Auto Supply attached hereto as **Exhibit "C."**

22. The statutory caps for compensatory damages under the MHRA for an employer with over 500 employees is $500,000.

23. In this lawsuit, Plaintiff is requesting lost wages, statutory compensatory damages, and attorneys' fees resulting from his employment at Elliott Auto Supply.

24.     Based on Plaintiff's claims and requests for damages, a fact finder may legally conclude that Plaintiff's damages are greater than $75,000.00.  *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).  Therefore, federal jurisdiction is proper.

IV.     **VENUE OF REMOVAL**

25.     The Circuit Court of Jackson County, Missouri is located in the United States District Court for the Western District of Missouri.  28 U.S.C. § 105(b)(1).  This Court is part of the district and division in which the action was filed – Jackson County, Missouri.  Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

V.      **TIMELINESS OF REMOVAL**

26.     This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of Plaintiff's Petition, which indicates that the matter is removable. 28 U.S.C. § 1446(b)(1).

27.     For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. § 1332 and 1441(b).

28.     Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served upon all adverse parties and will be filed promptly in the State Court Action.

29.     Pursuant to 28 U.S.C. § 1446(a), Elliott Auto Supply is attaching hereto a current docket sheet from the State Court Action and a copy of all the pleadings and papers filed with the state court.

30.     As of the date of this notice of removal, no other proceedings have been set in the State Court Action.

4873-0088-1161.1
6
Case 4:22-cv-00019-JAM   Document 1   Filed 01/12/22   Page 6 of 7

## VI. DEMAND FOR JURY TRIAL

31. Pursuant to Fed. R. Civ. P. 38, Elliott Auto Supply respectfully requests a jury trial on all matters so triable.

WHEREFORE, for the above reasons, Defendant Elliott Auto Supply Co., Inc., d/b/a Factory Motor Parts respectfully gives notice that the action now pending in the Circuit Court of Jackson County, Missouri, Case No. 2116-CV25742, is hereby removed from that Court to the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. § 1441.

/s/ Alan L. Rupe
Alan L. Rupe, MO #56013
Mallory N. McDonald, MO #69221
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Avenue, Suite 700
Kansas City, MO 64112
Telephone: (816) 299-4244
Facsimile: (816) 299-4245
alan.rupe@lewisbrisbois.com
mallory.mcdoanld@lewisbrisbois.com

*Attorneys for Defendant Elliott Auto Supply Co., Inc., d/b/a Factory Motor Parts*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, the above Defendant's Notice of Removal was filed using the Court's CM/ECF system and a copy was sent by electronic mail to:

Brandon Burkhart
brandon@burkhartlegal.com

*Attorney for Plaintiff*

/s/ Alan L. Rupe
Alan L. Rupe