

Search for Cases by: [Select Search Method...      ▾]

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print        GrantedPublicAccess  Logoff KARLYWEIGEL

## 2116-CV25742 - ALAN SEGALL V ELLIOTT AUTO SUPPLY CO., INC., D/B/A (E-CASE)

| Case FV ade Vetder | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending   ○ Ascending

Display Options: [All Entries      ▾]

---

**12/16/2021**  ☐ **Notice of Service**
21-SMCC-11181; Electronic Filing Certificate of Service.

☐ **Corporation Served**
Document ID - 21-SMCC-11181; Served To - ELLIOTT AUTO SUPPLY CO., INC.,; Server - ; Served Date - 14-DEC-21; Served Time - 09:24:00; Service Type - Sheriff Department; Reason Description - Served

**11/29/2021**  ☐ **Summons Issued-Circuit**
Document ID - 21-SMCC-11181, for ELLIOTT AUTO SUPPLY CO., INC.,.

☐ **Case Mgmt Conf Scheduled**
**Scheduled For:** 03/21/2022;  9:30 AM ;  JENNIFER PHILLIPS;  Jackson - Independence

**11/24/2021**  ☐ **Filing Info Sheet eFiling**
**Filed By:** BRANDON DAVID BURKHART

☐ **Note to Clerk eFiling**
**Filed By:** BRANDON DAVID BURKHART

☐ **Pet Filed in Circuit Ct**
Petition for Damages; Exhibit A - Plaintiffs Charges of Discrimination; Exhibit B - Plaintiffs EEOC RTS Letters; Exhibit C - Plaintiffs MCHR RTS Letters.
**Filed By:** BRANDON DAVID BURKHART
**On Behalf Of:** ALAN SEGALL

☐ **Judge Assigned**

---

Case.net Version 5.14.44                    Return to Top of Page                    Released 12/22/2021

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| **ALAN SEGALL**, | |
| 10506 Cherokee Lane | |
| Leawood, Kansas 66206 | |
| | |
| Plaintiff, | Case No.: |
| | |
| v. | Division: |
| | |
| **ELLIOTT AUTO SUPPLY CO., INC.,** | |
| **d/b/a FACTORY MOTOR PARTS,** | **JURY TRIAL DEMANDED** |
| <u>Serve Registered Agent:</u> | |
| National Corporate Research, LTD | |
| 9666 Olive Boulevard, Suite 690 | |
| Saint Louis, Missouri 63132 | |
| | |
| Defendant. | |

**PETITION FOR DAMAGES**

Plaintiff Alan Segall, by and through undersigned counsel, and for his Petition for

Damages against Defendant Elliott Auto Supply Co., Inc., d/b/a Factory Motor Parts, states and

avers to the Court as follows:

**INTRODUCTION**

1.      This case arises under the Missouri Human Rights Act, R.S.Mo. § 213.010 *et seq*.

("MHRA").

2.      Plaintiff, while employed by Defendant, was wrongfully denied reasonable

accommodation for his disability(ies) or perceived disability(ies).

3.      Plaintiff, while employed by Defendant, was subjected to unlawful disparate treatment

based on his disability(ies) or perceived disability(ies).

4.      Plaintiff, while employed by Defendant, was subjected to unlawful disparate treatment

based on his age.

5.   Plaintiff seeks compensatory and punitive damages against Defendant pursuant to the MHRA.

6.   This case also arises under Missouri's Service Letter Law, R.S.Mo. § 290.140.

7.   Plaintiff seeks nominal and punitive damages against Defendant pursuant to and in violation of Missouri's Service Letter Law.

## PARTIES

8.   Plaintiff is a 61-year-old male who has been diagnosed with heart disease, diabetes, and other chronic health conditions.

9.   Defendant Elliott Auto Supply Co., Inc., is a Minnesota corporation which, at all times relevant herein, employed at least six (6) employees in the State of Missouri, doing business in Jackson County, Missouri and is therefore an "employer" as defined by R.S.Mo. § 213.010(8) of the MHRA.

10.  At all times mentioned herein, before and after, the perpetrators described in this Petition were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment or were acting as a "proxy" or "alter-ego," and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of Respondeat Superior.

## JURISDICTION AND VENUE

11.  This Court has jurisdiction pursuant to R.S.Mo. § 213.111 *et seq.* and Mo. Const. Art. V, § 14(a).

12.  Jurisdiction and venue are proper in this Court pursuant to R.S.Mo. § 213.111.1 and

§ 508.010 as most of the unlawful discriminatory practices and injuries alleged herein occurred within Jackson County, Missouri.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. On February 22, 2021, Plaintiff timely filed his Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the acts complained of herein alleging that Defendant discriminated against Plaintiff. Copies are attached hereto and incorporated herein as Exhibit "A."

14. Plaintiff's Charges of Discrimination were dually filed with the Missouri Commission on Human Rights ("MCHR").

15. Plaintiff was issued Notice of Right to Sue letters on July 15, 2021 and August 13, 2021 from the EEOC. Copies are attached hereto and incorporated herein as Exhibit "B."

16. Plaintiff was issued Notice of Right to Sue letters on October 6, 2021 from the MCHR. Copies are attached hereto and incorporated herein as Exhibit "C."

17. Plaintiff filed this action within ninety (90) days of his Right to Sue Letter, and within two (2) years of the date of discriminatory action. Therefore, Plaintiff's lawsuit is timely.

18. Plaintiff has properly exhausted all administrative remedies.

## GENERAL ALLEGATIONS

19. Plaintiff is/was over forty (40) years old.

20. In or around June 2010, Plaintiff began working for Defendant at the Factory Motor Parts location in Kansas City, Missouri as a customer service representative for the Midwest Region.

21. Plaintiff has diabetes, heart disease, and other chronic health concerns which make him high risk for COVID-19 and related complications.

22. In or around March 2020, Plaintiff inquired and requested an accommodation to work from home from Defendant's Regional Operations Manager, Tony Wisner, due to the rise of COVID-19 cases.

23. Plaintiff requested to work from home due to having diabetes, heart disease, and other health issues which make Plaintiff high risk for severe COVID-19.

24. Plaintiff asked two other times to work from home due to the rise of COVID-19 but received no response.

25. On or about March 24, 2020, Defendant's IT Department confirmed with Plaintiff that Plaintiff was all set up to perform his job duties and work from home.

26. Plaintiff informed Mr. Wisner about him being all set up to perform his job duties and work from home per Defendant's IT Department.

27. Plaintiff asked Mr. Wisner a fourth time if Plaintiff could work from home during this time due to COVID-19.

28. Mr. Wisner informed Plaintiff that he would bring it up to Defendant's Regional Vice President.

29. On or about March 24, 2020, while Mr. Wisner was discussing Plaintiff's request to work from home, Plaintiff's doctor faxed Plaintiff a letter advising that Plaintiff was at risk of serious infection or death if exposed to COVID-19.

30. The letter also advised that Plaintiff should work remotely for the time being.

31. Plaintiff forwarded his doctor's letter to Mr. Wisner.

32. About 20 minutes after Plaintiff forwarded his doctor's letter to Mr. Wisner, Mr. Wisner informed Plaintiff that because of the letter from Plaintiff's doctor, Plaintiff could not work in the office anymore.

33. Mr. Wisner informed Plaintiff that Plaintiff was immediately being placed on Family and Medical Leave (FMLA) beginning the following day.

34. Rather than allow Plaintiff to do his job remotely as requested by Plaintiff and Plaintiff's doctor, Defendant placed Plaintiff on FMLA.

35. Plaintiff discussed wanting to work from home due to the rise of COVID-19.

36. Plaintiff also discussed how working from home was feasible.

37. Plaintiff further discussed that Defendant's IT Department had confirmed that Plaintiff could work from home.

38. Mr. Wisner was adamant that Plaintiff was not going to be given the opportunity to work from home.

39. Mr. Wisner denied Plaintiff's request to work from home.

40. On or about March 25, 2020, Defendant placed Plaintiff on FMLA.

41. Upon information and belief, there are other employees of Defendant who were allowed to work from home during this time.

42. On or about June 17, 2020, Plaintiff's FMLA leave ran out, but Plaintiff was still needing to work from home as advised and requested by Plaintiff and Plaintiff's doctor due to Plaintiff's high-risk status for COVID-19.

43. Defendant informed Plaintiff that they would allow him to be on leave so long as Plaintiff provided them with a doctor's note each month.

44. Plaintiff began to timely provide Defendant with doctor's notes each month as requested.

45. In or around August 2020, Plaintiff applied for short term disability.

46.  On or about September 17, 2020, Defendant's employees from the Human Resources Department (HR), Barb Stapleton and Margaret Olson called and told Plaintiff that they heard Plaintiff had applied for short term disability.

47.  Ms. Stapleton and Ms. Olson informed Plaintiff that he was going to be denied short term disability.

48.  Ms. Stapleton and Ms. Olson also informed Plaintiff that Plaintiff's position was going to be eliminated.

49.  This was the first Plaintiff was hearing about being denied short term disability.

50.  As far as Plaintiff is aware, Plaintiff's position was the only one eliminated.

51.  During his conversation with Ms. Stapleton and Ms. Olson, Plaintiff requested a termination letter.

52.  Two hours following Plaintiff's conversation with Ms. Stapleton and Ms. Olson, Plaintiff received notice from his health insurance carrier that his application for short term disability was denied.

53.  On or about September 18, 2020, Joel Quetschenbach and Mr. Wisner called Plaintiff and spoke about Plaintiff's termination.

54.  Mr. Quetschenbach and Mr. Wisner who were at the Kansas City, Missouri office also spoke with Plaintiff about his position being eliminated.

55.  On or about October 2, 2020, Plaintiff received a termination letter from Defendant.

56.  Plaintiff's termination letter stated that Plaintiff was being terminated because Plaintiff did not return to work from medical leave.

57.  Plaintiff's termination letter was contrary to what Plaintiff was told by Defendant's HR.

58. Following Plaintiff's termination, Plaintiff continued to pay his portion of his benefits through October 2020 as Plaintiff agreed to do with Defendant.

59. Upon information and belief, Defendant continued to allow other employees to work from home following Plaintiff's termination.

<u>**COUNT I**</u>

**MHRA (R.S.Mo. § 213.010) –**
**Failure to Accommodate Plaintiff's Disability(ies) or Perceived Disability(ies)**
**(Against Defendant Elliott Auto Supply Co., Inc.)**

60. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

61. Plaintiff's diabetes constitutes a disability under R.S.Mo. § 213.010(4) because it is a physical impairment which substantially limits one or more of Plaintiff's major life activities, including but not limited to his ability to work, walk, sleep, and lift.

62. Plaintiff's heart disease constitutes a disability under R.S.Mo. § 213.010(4) because it is a physical impairment which substantially limits one or more of Plaintiff's major life activities, including but not limited to his ability to work, walk, sleep, lift, and socialize.

63. Plaintiff's disability(ies) make him high risk for COVID-19 and related complications.

64. Plaintiff's disability(ies) cause him to be regarded as having such impairments or there is a record of such impairments which, with or without reasonable accommodation, do not interfere with his ability to perform the essential functions of his job.

65. Defendant knew or should have known of Plaintiff's disability(ies) or perceived disability(ies).

66. Plaintiff requested the reasonable accommodation of working from home due to being at risk of serious infection or death if exposed to COVID-19.

67.     The above-referenced reasonable accommodation(s) was/were possible for Defendant to
        provide.

68.     Defendant denied Plaintiff's request(s) for reasonable accommodation.

69.     Following Plaintiff's request(s) for reasonable accommodation, Defendant terminated
        Plaintiff's employment.

70.     Defendant failed to reasonably accommodate Plaintiff's disability(ies) or perceived
        disability(ies).

71.     As a direct and proximate result of Defendant' unlawful actions described above,
        Plaintiff has suffered garden variety emotional distress damages, including but not
        limited to embarrassment, degradation, humiliation, and various other forms of garden
        variety emotional distress, as well as loss of past and future wages and benefits.

72.     Defendant' conduct was intentional, malicious, and/or outrageous and evidenced an evil
        motive or conscious disregard for the rights of others, entitling Plaintiff to an award of
        punitive damages.

73.     Any cap or limitation on Plaintiff's damages that may be imposed by R.S.Mo.
        § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury,
        Mo. Const., Art. I § 22(a); separation of powers, Mo. Const., Art. II § 1; the right to equal
        protection, Mo. Const., Art. I § 2; the prohibition on special legislation, Mo. Const., Art.
        III § 40; and the right to due process, Mo. Const., Art. I § 10.

        **WHEREFORE,** Plaintiff prays that this honorable Court enter judgment in his favor and

against Defendant for such damages as are fair and reasonable, including lost wages and other

benefits of employment, compensatory damages, punitive damages, pre- and post-judgment

interest, future lost wages and benefits of employment, attorney's fees and costs, all in an amount

over $25,000.00 and for injunctive relief, and for such additional relief as may be just and proper under the circumstances.

## COUNT II

### MHRA (R.S.Mo. § 213.055) – Disability(ies) or Perceived Disability(ies) Discrimination

74. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

75. Plaintiff is a member of a legally protected class due to his disability(ies) or perceived disability(ies).

76. Plaintiff was subjected to disparate treatment based on his disability(ies) or perceived disability(ies), including but not limited to: being placed on medical leave (FMLA) rather than providing a reasonable accommodation of working from home due to COVID-19, being informed by Defendant that his short term disability was going to be denied well before his health insurance informed him, being denied short term disability, allegedly eliminating his position while on medical leave due to his disability(ies) or perceived disability(ies), failing to offer/provide reasonable accommodation(s) due to Plaintiff's disability(ies) or perceived disability(ies), and being terminated while on forced leave due to his disability(ies) or perceived disability(ies).

77. Defendant did not subject non-disabled employees to any of the poor treatment described herein.

78. Defendant terminated Plaintiff's employment because of Plaintiff's disability(ies) and/or perceived disability(ies).

79. Defendant' conduct described above constituted unlawful disparate treatment based on Plaintiff's disability(ies) or perceived disability(ies) in violation of the MHRA.

80. A term, condition, or privilege of Plaintiff's employment was affected by the disparate treatment Plaintiff endured due to his disability(ies) or perceived disability(ies).

81. Defendant failed to make a good-faith effort to establish and enforce policies to prevent illegal discrimination against its employees, including discrimination based on disability or perceived disability.

82. Defendant failed to properly train and/or otherwise inform supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

83. As a direct and proximate result of Defendant' unlawful actions described above, Plaintiff has suffered garden variety emotional distress damages, including but not limited to embarrassment, degradation, humiliation, and various other forms of garden variety emotional distress, as well as loss of past and future wages and benefits.

84. Defendant' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive or conscious disregard for the rights of others, entitling Plaintiff to an award of punitive damages.

85. Any cap or limitation on Plaintiff's damages that may be imposed by R.S.Mo. § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const., Art. I § 22(a); separation of powers, Mo. Const., Art. II § 1; the right to equal protection, Mo. Const., Art. I § 2; the prohibition on special legislation, Mo. Const., Art. III § 40; and the right to due process, Mo. Const., Art. I § 10.

**WHEREFORE,** Plaintiff prays that this honorable Court enter judgment in his favor and against Defendant for such damages as are fair and reasonable, including lost wages and other benefits of employment, compensatory damages, punitive damages, pre- and post-judgment interest, future lost wages and benefits of employment, attorney's fees and costs, all in an amount

over $25,000.00 and for injunctive relief, and for such additional relief as may be just and proper under the circumstances.

## COUNT III

**MHRA (R.S.Mo. § 213.055) – Disparate Treatment Based on Age**
**(Against Defendant Elliott Auto Supply Co., Inc.)**

86.    Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

87.    Plaintiff was over the age of forty (40) at the time of all the events alleged herein.

88.    Plaintiff is a member of a legally protected class due to his age.

89.    Plaintiff was subjected to discrimination based on his age, including but not limited to: allegedly eliminating Plaintiff's position and terminating his employment due to his age.

90.    Younger employees employed by Defendant were not subjected to the poor treatment described in herein.

91.    A term, condition, or privilege of Plaintiff's employment was affected by the disparate treatment Plaintiff endured due to his age.

92.    Defendant failed to make a good-faith effort to establish and enforce policies to prevent illegal discrimination against its employees, including disparate treatment based on age.

93.    Defendant failed to properly train and/or otherwise inform supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

94.    As a direct and proximate result of Defendant' unlawful actions described above, Plaintiff has suffered garden variety emotional distress damages, including but not limited to embarrassment, degradation, humiliation, and various other forms of garden variety emotional distress, as well as loss of past and future wages and benefits.

95.    Defendant' conduct was intentional, malicious, and/or outrageous and evidenced an evil

       motive or conscious disregard for the rights of others, entitling Plaintiff to an award of

       punitive damages.

96.    Any cap or limitation on Plaintiff's damages that may be imposed by R.S.Mo.

       § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury,

       Mo. Const., Art. I § 22(a); separation of powers, Mo. Const., Art. II § 1; the right to equal

       protection, Mo. Const., Art. I § 2; the prohibition on special legislation, Mo. Const., Art.

       III § 40; and the right to due process, Mo. Const., Art. I § 10.

       **WHEREFORE,** Plaintiff prays that this honorable Court enter judgment in his favor and

against Defendant for such damages as are fair and reasonable, including lost wages and other

benefits of employment, compensatory damages, punitive damages, pre- and post-judgment

interest, future lost wages and benefits of employment, attorney's fees and costs, all in an amount

over $25,000.00 and for injunctive relief, and for such additional relief as may be just and proper

under the circumstances.

**<u>COUNT IV</u>**

**R.S.Mo. § 290.140 – Violation of Missouri's Service Letter Law**
**(Against Defendant Elliott Auto Supply Co., Inc.)**

97.    Plaintiff incorporates by reference all other allegations as if fully set forth herein.

98.    Plaintiff properly and timely requested a letter of dismissal, or "service letter," from

       Defendant Elliott Auto Supply Co., Inc. under R.S.Mo. § 290.140.

99.    Defendant Elliott Auto Supply, Co., Inc., is a Minnesota corporation doing business in

       this state, and at all times herein relevant, employed seven (7) or more persons in this

       state and is therefore an "employer" as defined by R.S.Mo. § 290.140.1.

100. Plaintiff is an employee entitled to request a service letter from Elliott Auto Supply Co., Inc in that he was employed by Elliott Auto Supply Co., Inc for at least ninety (90) days before his discharge.

101. Defendant Elliott Auto Supply Co., Inc failed to issue a proper and compliant service letter to Plaintiff.

102. Due to Defendant Elliott Auto Supply Co., Inc's failure to issue a proper and compliant service letter, Plaintiff is entitled to nominal and punitive damages pursuant to R.S.Mo. § 290.140.2.

**WHEREFORE**, Plaintiff prays that this honorable Court enter judgment in his favor and against Defendant Elliott Auto Supply Co., Inc for such damages as are fair and reasonable, including nominal and punitive damages, pre- and post-judgment interest, costs and expenses, all in an amount over $25,000.00 and for injunctive relief, and for such additional relief as may be just and proper under the circumstances.

<u>**JURY TRIAL DEMAND**</u>

PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted,

**Burkhart Law, LLC**

*/s/ Brandon Burkhart*
Brandon D. Burkhart #65815
4233 Roanoke Road, Suite 100
Kansas City, Missouri 64111
Phone: (816) 945-6467
Facsimile: (816) 945-6314
brandon@burkhartlegal.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

Exhibit A

Plaintiff's Charges of Discrimination

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  Rcvd EEOC 02/22/2021<br>☒ EEOC | 563-2021-01096 |

| Missouri Commission on Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Mr. Alan Segall** | Home Phone *(Incl. Area Code)*<br>**(816) 213-3132** | Date of Birth<br>**07-01-1960** |
|---|---|---|

| Street Address<br>**10506 Cherokee Lane** | City, State and ZIP Code<br>**Leawood, KS 66206** |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**Elliot Auto Supply Co., Inc.** | No. Employees, Members<br>**501+** | Phone No. (Include Area Code)<br>**651-686-8924** |
|---|---|---|

| Street Address<br>**1380 Corporate Center Curve, Suite 200** | City, State and ZIP Code<br>**Eagan, MN 55121** |
|---|---|

| Name<br>**Factory Motor Parts** | No. Employees, Members<br>**501+** | Phone No. (Include Area Code)<br>**877-795-8622** |
|---|---|---|

| Street Address<br>**6125 Equitable Road** | City, State and ZIP Code<br>**Kansas City, Missouri 64120** |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest **3/1/2020**  Latest **Present**<br>☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Factory Motor Parts beginning in June 2010 and was the Regional CSR Manager in the Midwest region throughout Missouri and Kansas at the time of my termination in October 2020. I worked at the Kansas City, Missouri location and managed the call center for employees located throughout Missouri and Kansas. I am sixty years old. I have diabetes, heart disease, and a number of other chronic health concerns which make me high risk for COVID-19 and related complications.

In March 2020, I inquired and requested to work from home due to the rise of COVID-19 cases from my manager Tony Wisner, the Regional Operations Manager. I was making this request due to having diabetes, heart disease, and a number of other health issues which make me high risk for COVID-19. I asked two other times to work from home due to the rise in COVID-19 but got no answer.

On March 24, 2020, our IT department had confirmed with me that I was all set up to perform my job duties and work from home. I let Tony know this. I then asked Tony for a fourth time if I could work from home during this time due to COVID-19 and Tony said he would bring it up to the Regional VP.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2/19/2021  *Alan C Segall*<br>Date  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 02/19/2021<br>*(month, day, year)*<br>STACEY L. TERRY<br>Notary Public – State of Kansas |

On March 24th while Tony was discussing my request to work from home, my doctor faxed me a letter advising that I was at risk of serious infection or death if exposed to COVID-19 and that I should work remotely for the time being. I forwarded this letter to Tony.

About 20 minutes later, Tony told me that because of the letter from my doctor, I could not work in the office anymore and that I was immediately being placed on FMLA beginning the following day. Rather than allow me to do my job remotely (which could have been done) as requested by my doctor and I, my employer put me on FMLA. I discussed wanting to work from home and how it was feasible and confirmed by IT that I could work from home; however, Tony was adamant that I was not going to be given the opportunity to work from home and denied my request.

March 25, 2020 was my first day of FMLA. I know of other employees who were allowed to work from home during this time.

Around June 17, 2020, my FMLA leave ran out but I was still needing to work from home as advised and requested by my doctor and I due to my high-risk status for COVID-19. My employer said they would continue to allow me to be on leave so long as I provided them with a doctor's note each month. I began to timely provide my employer with doctor's notes each month as requested.

Around August 2020, I applied for short term disability.

On September 17, 2020, Barb Stapleton and Margaret Olson from HR called and told me that they heard I had applied for short term disability, I was going to be denied short term disability, and that my position was being eliminated. This was the first I was hearing about being denied short term disability. As far as I am aware, my position was the only one eliminated. During this conversation, I asked for a termination letter.

Two hours later, I received notice from my health insurance carrier that my application for short term disability was denied.

On September 18, 2020, I spoke with Joel Quetschenbach and Tony (who were at the KC office) about my termination and my position being eliminated.

On October 2, 2020, I received a termination letter from my employer which stated that I was being terminated because I did not come back from medical leave. This was contrary to what I was told by HR.

Following my termination, I continued to pay my portion of my benefits through October 2020 as I agreed to do with my employer. I was also made aware of other employees who were working from home following my termination in which my employer would not allow me to work from home.

My termination and other actions described above were the result of continued discrimination, harassment, and/or hostile work environment I was subjected to based on my age, disability or perceived disability, and retaliation for opposing the denial of my request for reasonable accommodation.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 2/19/2021 _____ *Date* _____ *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 04/19/2021 *(month, day, year)* STACEY L. TERRY Notary Public - State of Kansas My Appointment Expires |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA Rcvd 02/22/2021 <br> ☒ EEOC 563-2021-01098 | |

| Missouri Commission on Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Alan Segall** | **(816) 213-3132** | **07-01-1960** |

| Street Address | City, State and ZIP Code |
|---|---|
| **10506 Cherokee Lane** | **Leawood, KS 66206** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Elliot Auto Supply Co., Inc.** | **501+** | **651-686-8924** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1380 Corporate Center Curve, Suite 200** | **Eagan, MN 55121** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Factory Motor Parts** | **501+** | **877-795-8622** |

| Street Address | City, State and ZIP Code |
|---|---|
| **6125 Equitable Road** | **Kansas City, Missouri 64120** |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | |
|---|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | | |
| ☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION | | |
| ☐ OTHER *(Specify)* | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **3/1/2020**   Latest **Present**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Factory Motor Parts beginning in June 2010 and was the Regional CSR Manager in the Midwest region throughout Missouri and Kansas at the time of my termination in October 2020. I worked at the Kansas City, Missouri location and managed the call center for employees located throughout Missouri and Kansas. I am sixty years old. I have diabetes, heart disease, and a number of other chronic health concerns which make me high risk for COVID-19 and related complications.

In March 2020, I inquired and requested to work from home due to the rise of COVID-19 cases from my manager Tony Wisner, the Regional Operations Manager. I was making this request due to having diabetes, heart disease, and a number of other health issues which make me high risk for COVID-19. I asked two other times to work from home due to the rise in COVID-19 but got no answer.

On March 24, 2020, our IT department had confirmed with me that I was all set up to perform my job duties and work from home. I let Tony know this. I then asked Tony for a fourth time if I could work from home during this time due to COVID-19 and Tony said he would bring it up to the Regional VP.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| 2/19/2021 *(Date)* *Alan C Segall (Charging Party Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 02/19/2021 *(month, day, year)* <br> STACEY L. TERRY <br> Notary Public – State of Kansas |

On March 24th while Tony was discussing my request to work from home, my doctor faxed me a letter advising that I was at risk of serious infection or death if exposed to COVID-19 and that I should work remotely for the time being. I forwarded this letter to Tony.

About 20 minutes later, Tony told me that because of the letter from my doctor, I could not work in the office anymore and that I was immediately being placed on FMLA beginning the following day. Rather than allow me to do my job remotely (which could have been done) as requested by my doctor and I, my employer put me on FMLA. I discussed wanting to work from home and how it was feasible and confirmed by IT that I could work from home; however, Tony was adamant that I was not going to be given the opportunity to work from home and denied my request.

March 25, 2020 was my first day of FMLA. I know of other employees who were allowed to work from home during this time.

Around June 17, 2020, my FMLA leave ran out but I was still needing to work from home as advised and requested by my doctor and I due to my high-risk status for COVID-19. My employer said they would continue to allow me to be on leave so long as I provided them with a doctor's note each month. I began to timely provide my employer with doctor's notes each month as requested.

Around August 2020, I applied for short term disability.

On September 17, 2020, Barb Stapleton and Margaret Olson from HR called and told me that they heard I had applied for short term disability, I was going to be denied short term disability, and that my position was being eliminated. This was the first I was hearing about being denied short term disability. As far as I am aware, my position was the only one eliminated. During this conversation, I asked for a termination letter.

Two hours later, I received notice from my health insurance carrier that my application for short term disability was denied.

On September 18, 2020, I spoke with Joel Quetschenbach and Tony (who were at the KC office) about my termination and my position being eliminated.

On October 2, 2020, I received a termination letter from my employer which stated that I was being terminated because I did not come back from medical leave. This was contrary to what I was told by HR.

Following my termination, I continued to pay my portion of my benefits through October 2020 as I agreed to do with my employer. I was also made aware of other employees who were working from home following my termination in which my employer would not allow me to work from home.

My termination and other actions described above were the result of continued discrimination, harassment, and/or hostile work environment I was subjected to based on my age, disability or perceived disability, and retaliation for opposing the denial of my request for reasonable accommodation.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2/19/2021                  _Alan C Segall_
Date                       Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 04/19/24
(month, day, year)

STACEY L. TERRY
Notary Public - State of Kansas
My Appointment Expires

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

Exhibit B

Plaintiff's EEOC Right to Sue Letters

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

| | |
|---|---|
| To: **Alan Segall**<br>**10506 Cherokee Lane**<br>**Leawood, KS 66206** | From: **Kansas City Area Office**<br>**Gateway Tower II**<br>**400 State Avenue, Suite 905**<br>**Kansas City, KS 66101** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **563-2021-01096** | **James D. Dixon,**<br>**Investigator** | **(913) 340-8827** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Natascha DeGuire

Digitally signed by Natascha DeGuire
Date: 2021.08.13 12:42:37 -05'00'

August 13, 2021

Enclosures(s)

**Natascha DeGuire,**
**Area Office Director**

*(Date Issued)*

cc:

| | |
|---|---|
| **Barbara Stapleton**<br>**Senior Director-Human Resources**<br>**ELLIOTT AUTO SUPPLY CO. INC.**<br>**1380 CORPORATE CENTER CURV**<br>**STE 200**<br>**Eagan, MN 55121** | **Brandon Burkhart**<br>**BURKHART LAW**<br>**4233 Roanoke Road**<br>**Suite 100**<br>**Kansas City, MO 64111** |

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS      --      Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS      --      Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION      --      Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE      --      All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

## U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue *(Issued on Request)*

To: **Alan Segall**
   **10506 Cherokee Lane**
   **Leawood, KS 66206**

From: **Kansas City Area Office**
      **Gateway Tower II**
      **400 State Avenue, Suite 905**
      **Kansas City, KS 66101**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **563-2021-01098** | **Paul V. Howard,**<br>**Investigator** | **(913) 340-8831** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Natascha DeGuire
Digitally signed by Natascha DeGuire
Date: 2021.07.15 14:25:36 -05'00'

July 15, 2021

Enclosures(s)

**Natascha Deguire,**
**Area Office Director**

*(Date Issued)*

cc:          **Burkhart, Brandon**
            **4233 Roanoke Road**
            **Suite 100**
            **Kansas City, MO 64111**

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you** *receive* **this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

Exhibit C

Plaintiff's MCHR Right to Sue Letters

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MICHAEL L. PARSON** | **ANNA S. HUI** | **DEREK M. HOLLAND** | **ALISA WARREN, PH.D.** |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

October 6, 2021

Alan Segall
10506 Cherokee Lane
Leawood, KS  66206
*Via Complainant Attorney Email*

RE:  Segall vs. Elliot Auto Supply Co., Inc.
      FE-2/21-32892      563-2021-01096

## NO RIGHT TO SUE AS TO ALL ALLEGATIONS OF RETALIATION FOR REQUESTING AN ACCOMMODATION BECAUSE OF LACK OF JURISDICTION

The Missouri Commission on Human Rights (MCHR) has determined that it lacks jurisdiction over your allegations of Retaliation for Requesting an Accommodation because requesting an accommodation is not an activity protected from Retaliation by the Missouri Human Rights Act. Therefore, MCHR is administratively closing this case with regard to these allegations as well and terminating all MCHR proceedings relating to these allegations.

## RIGHT TO SUE ON ALL OTHER ALLEGATIONS

Pursuant to the Missouri Human Rights Act (MHRA) your complaint was dual-filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). The MCHR has been informed that the EEOC has completed its processing of your complaint and issued a notice of your right to sue.  Based on a review of EEOC's investigation summary, the MCHR has decided to adopt EEOC's findings, terminate its proceedings and issue this notice of your right to sue regarding these allegations under the MHRA.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint regarding the allegations noted above. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court regarding the allegations noted above.  **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

(continued on next page)

☑ **JEFFERSON CITY OFFICE**
3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO  65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ **ST. LOUIS OFFICE**
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ **KANSAS CITY OFFICE**
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ **SIKESTON OFFICE**
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

You are also notified that the Executive Director is hereby administratively closing this case with regard to the allegations noted above and terminating all MCHR proceedings relating to these allegations.  No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter.  This notice of right to sue has no effect on the suit-filing period for any federal claims.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri.  Any such petition must be filed in the Circuit Court of Cole County.


Respectfully,

Alisa Warren, Ph.D.
Executive Director



Elliot Auto Supply Co., Inc.
Human Resources Director
1380 Corporate Center Curve, Suite 200
Eagan, MN  55121

Brandon D. Burkhart
Burkhart Law
4233 Roanoke, Suite 100
Kansas City, MO 64111
*Via Email*

☑ JEFFERSON CITY OFFICE
3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO  65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Independence - November 24, 2021 - 06:38 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

**MICHAEL L. PARSON**
GOVERNOR

**ANNA S. HUI**
DEPARTMENT DIRECTOR

**DEREK M. HOLLAND**
COMMISSION CHAIR

**ALISA WARREN, PH.D.**
EXECUTIVE DIRECTOR

October 6, 2021

Alan Segall
10506 Cherokee Lane
Leawood, KS  66206
*Via Complainant Attorney Email*

RE:   Segall vs. Factory Motor Parts
      FE-2/21-32893     563-2021-01098

## NO RIGHT TO SUE AS TO ALL ALLEGATIONS OF RETALIATION FOR REQUESTING AN ACCOMMODATION BECAUSE OF LACK OF JURISDICTION

The Missouri Commission on Human Rights (MCHR) has determined that it lacks jurisdiction over your allegations of Retaliation for Requesting an Accommodation because requesting an accommodation is not an activity protected from Retaliation by the Missouri Human Rights Act. Therefore, MCHR is administratively closing this case with regard to these allegations as well and terminating all MCHR proceedings relating to these allegations.

## RIGHT TO SUE ON ALL OTHER ALLEGATIONS

Pursuant to the Missouri Human Rights Act (MHRA) your complaint was dual-filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). The MCHR has been informed that the EEOC has completed its processing of your complaint and issued a notice of your right to sue.  Based on a review of EEOC's investigation summary, the MCHR has decided to adopt EEOC's findings, terminate its proceedings and issue this notice of your right to sue regarding these allegations under the MHRA.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint regarding the allegations noted above. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court regarding the allegations noted above.  **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

(continued on next page)

☑ **JEFFERSON CITY OFFICE**
3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO  65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ **ST. LOUIS OFFICE**
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ **KANSAS CITY OFFICE**
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
PHONE: 816-889-3582

☐ **SIKESTON OFFICE**
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711


RE:    Segall vs. Factory Motor Parts
FE-2/21-32893    563-2021-01098

You are also notified that the Executive Director is hereby administratively closing this case with regard to the allegations noted above and terminating all MCHR proceedings relating to these allegations.  No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter.  This notice of right to sue has no effect on the suit-filing period for any federal claims.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Factory Motor Parts
Human Resources Director
6125 Equitable Road
Kansas City, MO  64120

Brandon D. Burkhart
Burkhart Law
4233 Roanoke, Suite 100
Kansas City, MO 64111
*Via Email*

☑ JEFFERSON CITY OFFICE
3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

ALAN SEGALL,

|                          |                                    |
|--------------------------|------------------------------------|
| **PLAINTIFF(S),**        | **CASE NO.  2116-CV25742**         |
| **VS.**                  | **DIVISION 12**                    |

ELLIOTT AUTO SUPPLY CO., INC.,,

**DEFENDANT(S).**

### NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
### AND ORDER FOR MEDIATION

---

     NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JENNIFER PHILLIPS** on **21-MAR-2022** in **DIVISION 12** at **09:30 AM**.   All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

     A lead attorney of record must be designated for each party as required by Local Rule 3.5.1.  A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

     At the Case Management Conference, counsel should be prepared to address at least the following:

    a.     A trial setting;

    b.     Expert Witness Disclosure Cutoff Date;

    c.     A schedule for the orderly preparation of the case for trial;

    d.     Any issues which require input or action by the Court;

    e.     The status of settlement negotiations.

Case 4:22-cv-00019-JAM   Document 1-2   Filed 01/12/22   Page 34 of 41

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

**/S/ JENNIFER PHILLIPS**
JENNIFER PHILLIPS**, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
BRANDON DAVID BURKHART, 4233 ROANOKE RD, SUITE 100, KANSAS CITY, MO 64111

Defendant(s):
ELLIOTT AUTO SUPPLY CO., INC.,

Dated: 29-NOV-2021

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2116-CV25742 |
|---|---|
| Plaintiff/Petitioner:<br>ALAN SEGALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRANDON DAVID BURKHART<br>4233 ROANOKE RD<br>SUITE 100<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>ELLIOTT AUTO SUPPLY CO., INC.,<br>DBA: FACTORY MOTOR PARTS | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ELLIOTT AUTO SUPPLY CO., INC.,
            **Alias:**
            **DBA: FACTORY MOTOR PARTS**

RA: NATIONAL CORPORATE
RESEARCH LTD
9666 OLIVE BOULEVARD, STE 690
SAINT LOUIS, MO 63132

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*JACKSON COUNTY*

29-NOV-2021
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                    Date                                              Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-11181** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00019-JAM   Document 1-2   Filed 01/12/22   Page 36 of 41

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020



*92* *Return* SB 12·29

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Independence - December 16, 2021 - 09:30 AM

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2116-CV25742 |
| Plaintiff/Petitioner:<br>ALAN SEGALL | Plaintiff's/Petitioner's Attorney/Address<br>BRANDON DAVID BURKHART<br>4233 ROANOKE RD<br>SUITE 100<br>KANSAS CITY, MO 64111 |
| **vs.** | |
| Defendant/Respondent:<br>ELLIOTT AUTO SUPPLY CO., INC.<br>DBA: FACTORY MOTOR PARTS | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ELLIOTT AUTO SUPPLY CO., INC.,
**Alias:**
**DBA: FACTORY MOTOR PARTS**

RA: NATIONAL CORPORATE
RESEARCH LTD
9666 OLIVE BOULEVARD, STE 690
SAINT LOUIS, MO 63132

*13 Crock VV*

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

29-NOV-2021
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to **Susan Faccaro** (name) **Admin Asst** (title).
☐ other
Served at **9666 Olive, Ste 690** (address)
in **St L** (County/City of St. Louis), MO, on **12·14·21** (date) at **0924** (time).

**Karon Crocker**
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

*(Seal)*

*RECEIVED 2021 DEC 10 PM 4:52 JACKSON COUNTY*

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*2I-SMCC-11270*

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only: Document Id # 21-SMCC-11181* 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20, 506.120 – 506.140, and 506.150 RSMo

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:   BRANDON DAVID BURKHART, Attorney for Plaintiff
SERVICE EMAIL:   brandon@burkhartlegal.com

Electronically Filed - Jackson - Independence - December 16, 2021 - 09:30 AM



*92* *Return*

SB
12.29

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Independence - December 16, 2021 - 09:30 AM

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2116-CV25742 |
| Plaintiff/Petitioner:<br>ALAN SEGALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRANDON DAVID BURKHART<br>4233 ROANOKE RD<br>SUITE 100<br>KANSAS CITY, MO  64111 |
| Defendant/Respondent:<br>ELLIOTT AUTO SUPPLY CO., INC.,<br>DBA:  FACTORY MOTOR PARTS | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  ELLIOTT AUTO SUPPLY CO., INC.,
**Alias:**
**DBA:  FACTORY MOTOR PARTS**

RA: NATIONAL CORPORATE
RESEARCH LTD
9666 OLIVE BOULEVARD, STE 690
SAINT LOUIS, MO 63132

*13*
*Crock*
*VN*

*COURT SEAL OF*

**CIRCUIT COURT OF MISSOURI**

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

29-NOV-2021
Date

Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to **Susan Faccaro** (name) **Admin Asst** (title).
☐ other _____

Served at **9666 Olive, Ste 690** (address)
in **St L** (County/City of St. Louis), MO, on **12.14.21** (date) at **09:45** (time).

**Karon Crocker**
Printed Name of Sheriff or Server

**RECEIVED 2021 DEC 10 PM 4:55 CIRCUIT COURT OF ST LOUIS COUNTY**

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date

Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

*21-SMCC-11270*

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 21-SMCC-11181    1  of  1  Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20, 506.120 – 506.140, and 506.150 RSMo

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:   BRANDON DAVID BURKHART, Attorney for Plaintiff
SERVICE EMAIL:   brandon@burkhartlegal.com

Electronically Filed - Jackson - Independence - December 16, 2021 - 09:30 AM